# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JENNIFER ROY, | ) |
| Plaintiff, | ) |
| | ) No. 1:11-cv-243 |
| vs. | ) |
| | ) |
| ADVANCED CHECK PROCESSING LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JENNIFER ROY, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, ADVANCED CHECK PROCESSING LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Proctorville, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Florida, which is not licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about February 3, 2011 Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Ms. Dixon (first name unknown) and April Smith (hereinafter "Smith"), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt, but failed to disclose that they were communicating on behalf of a debt collector during the course of every communication with Plaintiff.

9. On or about February 3, 2011, Smith left a voice mail message on Plaintiff's mobile phone, stating that the message was for Plaintiff's husband, Matthew Roy, that she was from the "fraud/bad check division" and that there was an investigation pending against Plaintiff.

10. Approximately 10 minutes later, Plaintiff placed a telephone call to Smith in response to this message. Smith advised Plaintiff that there were two affidavits "out" for Plaintiff and provided Plaintiff with a case number for the alleged investigation. Smith also stated to Plaintiff that if the alleged debt was not paid, the affidavits would be sent to the Lawrence County court so that Defendant could proceed with legal action against Plaintiff.

11. Out of fear of this threatened legal action, Plaintiff wired money to Defendant to pay the alleged debt that same day, despite the fact that Plaintiff believed the amount of money requested by Defendant was in excess of the amount she actually owed.

12. On or about February 10, 2011, Defendant was advised in writing that Plaintiff was now represented by the undersigned law firm.

13. Despite having received notice of the undersigned law firm's representation of Plaintiff and despite the fact that Plaintiff had already paid the alleged debt in full, on February 16, 2011 at approximately 4:15 p.m. and on March 1, 2011 at approximately 9:07 a.m. Defendant's representatives and/or employees contacted Plaintiff by telephone in further attempts to collect the alleged debt.

14. In addition, Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692g.

15. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Falsely representing or implying that Defendant was vouched for, bonded by, or affiliated with the United States government or any state government, in violation of 15 U.S.C. § 1692e(1);

3

b. Falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

e. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

f. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

g. Failing to provide Plaintiff with the notice required by 15 U.S.C. § 1692g;

h. Communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JENNIFER ROY, respectfully prays for a judgment against Defendant as follows:

a. All actual damages suffered;

4

      b.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

19. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

20. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(D), as she is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

21. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

22. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

23. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, JENNIFER ROY, respectfully prays for a judgment against Defendant as follows:

a. All actual damages suffered;

b. Statutory damages of $200.00 for each violation of the OCSPA;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com