**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JENNIFER ROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:11-cv-243 |
| vs. | ) |
| | ) |
| | ) **ORDER GRANTING** |
| ADVANCED CHECK CASHING, LLC | ) **PLAINTIFF'S MOTION FOR** |
| | ) **DEFAULT JUDGMENT** |
| | ) |
| Defendant. | ) |

This cause coming to be heard on Plaintiff's Motion for Default Judgment, upon a review of the record this Court finds that:

1. Plaintiff, a resident of the City of Proctorville, State of Ohio, filed this action on April 21, 2011.

2. Defendant was properly served with the Summons and Complaint through its Ohio registered agent, by certified mail on August 22, 2011.

3. As of the date of the filing of this motion, the Defendant has not filed a Notice of Appearance, an Answer, nor any other responsive pleading with this Court.

4. Plaintiff properly filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA"). Plaintiff's Complaint alleges violations of the FDCPA by Defendant in attempting to collect an alleged debt from Plaintiff.

5. On September 19, 2011, Plaintiff filed an Application for Entry of Default.

6. On September 20, 2011 the Clerk of Court found that Defendant failed to file an answer or otherwise sufficiently plead to the Summons and Complaint filed by

Plaintiff, and that Defendant was otherwise subject to default as provided by the Federal Rules of Civil Procedure.

7. Pursuant to Federal Rule of Civil Procedure 55(a), an Entry of Default was entered against Defendant on September 20, 2011 by the Clerk of Court.

8. The Court has reviewed the Declaration of Plaintiff's counsel and Plaintiff's exhibit of attorney time entries for this matter.

9. The Court finds that Defendant violated the FDCPA as follows:

   a. Falsely representing or implying that Defendant was vouched for, bonded by, or affiliated with the United States government or any state government in violation of 15 U.S.C. §1962e(1);

   b. Falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. §1962e(3);

   d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5);

   e. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C §1692e(7);

   f. Failing to disclose in every communication with Plaintiff that the communication was from a debt collection, in violation of 15 U.S.C. §1692e(11);

  g. Failing to provide the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

  h. Communicating with Plaintiff after Defendant has been advised that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C §1692c(a)(2).

Pursuant to 15 U.S.C. § 1692k(a) the Court finds that good cause is shown for each of the violations of said statute by the Defendant and awards statutory damages to Plaintiff in the amount of $1,000.

Further, pursuant to 15 U.S.C. § 1692k(a)(3), under the FDCPA, a plaintiff can recover from a debt collector "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court…"

The Court has reviewed Plaintiff's Exhibits 1 and 2 reflecting the amount of attorneys' fees and court costs incurred by Plaintiff in the prosecution of this action and copies of the time entries reflecting the work for which Plaintiff is seeking compensation for her attorneys' fees and finds that good cause is shown for the award of reasonable attorney fees and costs.

WHEREFORE, the Court awards a judgment in favor of the Plaintiff, JENNIFER ROY, and against Defendant, ADVANCED CHECK CASHING, LLC, as follows:

| | | |
|---|---|---|
| a. | FDCPA Statutory Damages: | $1,000.00 |
| b. | Attorneys' Fees | $2,155.00 |
| c. | Court Costs | $ 350.00 |
| | TOTAL JUDGMENT | $3,505.00 |

_____     12/12/11
Judge             Date

3